**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | CRIMINAL NO. 4:04CR185.13 |
| v. | § | |
| | § | |
| CLIFTON JOEL PHELPS | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on February 24, 2010 to determine whether the Defendant violated his supervised release. The Defendant was represented by Robert Arrambide. The Government was represented by Maureen Smith.

On August 18, 2004, the Defendant was sentenced by the Honorable Richard A. Schell, United States District Judge, to 47 months imprisonment followed by a 3-year term of supervised release for the offense of possession or distribution of a listed chemical with knowledge or reason to know of its wrongful intended use. Defendant began his term of supervision on June 13, 2008.

On January 26, 2010, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender under Supervision (Dkt. 521). The petition asserts that Defendant violated the following

1

conditions of supervision: (1) Defendant shall not commit another federal, state, or local crime; (2) Defendant shall refrain from any unlawful use of a controlled substance, and Defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court; (3) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician; (4) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer; (5) Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as Defendant is released from the program by the probation officer; and (6) Defendant shall report to the probation office officer and shall submit a truthful and complete written report within the first five days of each month.

The petition alleges that Defendant committed the following violations. First, it is alleged that, on November 13, 2009, officers with the Denton Texas Police Department were called to the Wal-Mart in Denton, Texas for a shoplifting complaint. Contract was made with the loss prevention officers who had Defendant detained. Loss prevention officers observed Defendant in the men's department cut open a Coleman flashlight, conceal the flashlight, and leave the store after paying for other items. Defendant was stopped and stated that he wanted to pay for the flashlight. Defendant began to walk back into the store, but stopped and started to fight with the loss prevention officers. Loss prevention officers Defendant detained. One loss prevention officer received a scratch on his

neck approximately eight inches in length during the struggle. Defendant was arrested and booked into Denton County Jail and charged with robbery. Defendant posted a $2,500 bond on November 14, 2009 and was released. The case is pending indictment in Denton County, Texas. Defendant failed to notify the U.S. Probation Officer of his arrest until an office visit on November 23, 2009.

Next, the petition alleges that, on January 7, 2010, U.S. Probation Officer Jamie Perrenoud received notice from the Gainesville Texas Police Department that Defendant was involved in two domestic disturbance and assault cases. According to the petition, on November 14, 2009, officers with the Gainesville Texas Police Department were dispatched to Defendant's residence on an assault report. Upon arrival, officers made contact with Misty Griffitt who stated Defendant came home after being gone for four days and wanted her to give him some salt to make some sort of drug. When she refused, the petition alleges, he grabbed hy the hair, pulled a hand full out of her head, slung her on the bed and stuck his cell phone in her mouth, which bruised her upper lip. When she advised that she was going to call the police, he threatened to come back with another girl to assault her. A police officer observed cuts and red marks on her arm and a bruise on her upper lip. According to the petition, the case has been submitted to the Cooke County Attorney.

The petition also alleges that, on October 25, 2009, officers were dispatched to the North Texas Medical Center in Gainesville and made contact with Defendant's common law wife, Misty Graffitt. Graffitt advised the officer that her boyfriend, Defendant, pushed her while they were in the bedroom at their residence. According to the petition, she stated this was a regular occurrence for Defendant to push and slap her. On the date of the filing of the petition, no charges had been

filed as a result of this incident.

The petition also alleges that, on November 23, 2009, Defendant submitted a urine specimen which tested positive for methamphetamine and marijuana. On December 18, 2009, Defendant signed an admittance wherein he admitted to using methamphetamine and marijuana. On January 8, 2009, Defendant submitted a urine specimen which tested positive for methamphetamine, and, on January 12, 2009, Defendant signed an admittance wherein he admitted to using methamphetamine in addition to marijuana at a party. Additionally, the petition claims that Defendant failed to submit a random drug test at Keith Lang, LCDC, Sherman, Texas, on April 21, 2009 and May 20, 2009 and that Defendant failed to submit a written monthly report to the U.S. Probation Office by the fifth of the month for March, August, September and October 2009.

Pursuant to an agreement of the parties, at the hearing, the Government notified the Court that it was not seeking revocation based on the events giving rise to Defendant's November 2009 arrest. Defendant then entered a plea of true to the remaining alleged violations of conditions of his supervised release.

The Court finds that Defendant has violated the terms of his supervised release and that Defendant's supervised release should be revoked. Defendant waived his right to allocute before the district judge and his right to object to the report and recommendation of this Court.

## RECOMMENDATION

The Court recommends that the District Court revoke the Defendant's supervised release. Pursuant to the Sentencing Reform Act of 1984, the Court recommends that the Defendant be

committed to the custody of the Bureau of Prisons to be imprisoned for a term of 18 months, to be served consecutively to any other sentence being served, with no supervised release to follow. The Court further recommends that Defendant's term of imprisonment be carried out in Bureau of Prisons facility located in Seagoville, Texas, if appropriate.

**SIGNED this 26th day of February, 2010.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE